[Cite as *State v. Artis*, 2020-Ohio-4018.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO. 8-19-52

      v.

TYRELL E. ARTIS,                    O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 8-19-53

      v.

TYRELL E. ARTIS,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Bellefontaine Municipal Court
Trial Court Nos. 11 CRB 01721 and 11 CRB 01850

Judgments Affirmed

Date of Decision: August 10, 2020

APPEARANCES:

    *Tyrell E. Artis,* **Appellant**

    *Crystal K. Welsh* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Tyrell E. Artis ("Artis"), pro se, appeals the November 5, 2019 judgment entries of the Bellefontaine Municipal Court denying his motions to withdraw his guilty pleas in case numbers 11 CRB 01721 and 11 CRB 01850. We affirm.

{¶2} This case stems from Artis's 2011 convictions for domestic violence in case numbers 11 CRB 01721 and 11 CRB 01850, respectively, which were used to enhance Artis's 2018 conviction for domestic violence. *See State v. Artis*, 3d Dist. Logan No. 8-18-40, 2019-Ohio-2070. On November 2, 2011, Artis was charged with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. (Case No. 11 CRB 01721, Doc. No. 1). On November 3, 2011, Artis appeared for arraignment and pled not guilty to the charge. (*See* Case No. 11 CRB 01721, Doc. Nos. 16, 17); (Dec. 5, 2011 Tr. at 2).

{¶3} While awaiting trial in case number 11 CRB 01721, Artis was charged on November 21, 2011 with another domestic-violence charge in violation of R.C. 2919.25(A), a first-degree misdemeanor, in case number 11 CRB 01850. (Case No. 11 CRB 01850, Doc. No. 1).

{¶4} On December 5, 2011, Artis withdrew his plea of not guilty in case number 11 CRB 01721 and entered guilty pleas to the domestic-violence charge in both cases. (Dec. 5, 2011 Tr. at 2-5). The trial court accepted Artis's guilty pleas

and found him guilty of the charges. (Case No. 11 CRB 01721, Doc. No. 25); (Case No. 11 CRB 01850, Doc. No. 13). That same day, the trial court sentenced Artis to 3 days in jail in case number 11 CRB 01721 and 14 days in jail in case number 11 CRB 01850. (*Id.*); (*Id.*). The trial court further ordered that Artis serve the terms consecutively for an aggregate term of 17 days. (*Id.*); (*Id.*). Importantly, Artis did not directly appeal either case.

{¶5} On May 18, 2018, the Logan County Grand Jury indicted Artis on one count of domestic violence in violation of R.C. 2919.25(A), (D)(4), a third-degree felony. *Artis* at ¶ 2. The 2018 domestic-violence charge was elevated to a felony of the third degree as a result of Artis's prior convictions in 2011. *See id.* at ¶ 47, fn. 9.

{¶6} Artis was found guilty by a jury of the 2018 domestic-violence charge and sentenced on August 21, 2018 to 36 months in prison. *Id.* at ¶ 9-10. Artis directly appealed his conviction to this court and we affirmed his conviction on May 28, 2019. *Id.* at ¶ 56. Importantly, Artis did not contest the use of his 2011 domestic-violence convictions to enhance his 2018 conviction to a felony of the third degree in his direct appeal from his 2018 domestic-violence conviction.

{¶7} Thereafter, on October 29, 2019, Artis filed a motion (in each case) in the trial court to withdraw his 2011 guilty pleas, arguing that his domestic-violence convictions were uncounseled. (Case No. 11 CRB 01721, Doc. No. 48); (Case No.

11 CRB 01850, Doc. No. 21). On November 4, 2019, the State filed memoranda in opposition to Artis's motions to withdraw his guilty pleas. (Case No. 11 CRB 01721, Doc. No. 56); (Case No. 11 CRB 01850, Doc. No. 29). The following day, the trial court denied Artis's motions to withdraw his guilty pleas. (Case No. 11 CRB 01721, Doc. No. 61); (Case No. 11 CRB 01850, Doc. No. 34).

{¶8} On December 2, 2019, Artis filed a notice of appeal in both cases, which were consolidated for purposes of appeal. (Case No. 11 CRB 01721, Doc. No. 75); (Case No. 11 CRB 01850, Doc. No. 41). He raises one assignment of error for our review.

**Assignment of Error**

**The Appellant's United States Fourteenth Amendment Right was violated when the Court denied his Motion to Withdraw Plea, as he has established that the prior plea was an uncounseled plea.**

{¶9} In his assignment of error, Artis argues that the trial court erred by denying his motions to withdraw his guilty pleas. Specifically, Artis argues that his guilty pleas were not made knowingly, intelligently, and voluntarily because he entered the pleas without the assistance of counsel.

*Standard of Review*

{¶10} "Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Streeter*, 3d Dist. Allen No. 1-08-52, 2009-Ohio-189, ¶ 12, citing *State v. Nathan*,

99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

{¶11} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "The party moving to withdraw the plea of guilty bears the burden of establishing a manifest injustice." *Streeter* at ¶ 13, citing *Smith* at paragraph one of the syllabus. A manifest injustice is a clear or openly unjust act and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14. "[A] postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264. "Res judicata bars the assertion of claims against a judgment of conviction in a motion under Crim.R. 32.1 when those claims were or could have been raised on direct appeal." *State v. Cagle*, 9th Dist. Medina No. 19CA0058-M, 2020-Ohio-316, ¶ 4, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. *See also Straley* at ¶ 14.

{¶12} Here, Artis was convicted in the trial court of domestic violence in case number 11 CRB 01721 and 11 CRB 01850 in 2011. Artis did not directly

appeal his conviction in either case. *Compare Cagle* ¶ 5 (noting that Cagle did not file a direct appeal from his 2002 convictions"); *Straley* at ¶ 23 ("Straley did not argue on direct appeal that he should be permitted to withdraw his guilty plea."). Instead, Artis—after his convictions were used to enhance a subsequent conviction nearly eight years later—filed motions to withdraw his guilty pleas in which he argued that his guilty pleas were not made knowingly, intelligently, and voluntarily because he entered the pleas without the assistance of counsel. *See State v. Rock*, 11th Dist. Lake No. 2018-L-037, 2019-Ohio-1416, ¶ 18, citing *State v. Dabelko*, 11th Dist. Trumbull No. 2001-T-0142, 2002-Ohio-6941, ¶ 11.

{¶13} Artis could have challenged his guilty pleas in direct appeals. *See Straley* at ¶ 23 ("Straley could have challenged his guilty plea on direct appeal."), citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph one of the syllabus. *See also State v. Gatchel*, 11th Dist. Lake No. 2007-L-212, 2008-Ohio-4667, ¶ 22 ("In the case at bar, appellant's various claims that he raised in support of his post-sentence motion to withdraw his guilty plea were known to him at the time he pursued his direct appeal."). Because Artis could have raised his arguments in a direct appeal, Artis's arguments are barred by the doctrine of res judicata and he cannot now raise them in a post-sentence motion to withdraw his guilty plea. *See Gatchel* at ¶ 22 ("Because appellant could have raised them at that time, he cannot now raise them in a post-sentence motion to withdraw his guilty plea."). Therefore,

the trial court did not abuse its discretion by denying Artis's motions to withdraw his guilty pleas. *See State v. Mulkey*, 9th Dist. Summit No. 29380, 2020-Ohio-3531, ¶ 5 (concluding that "the trial court did not abuse its discretion by denying [Mulkey's] motion to withdraw his no-contest plea" since "Mulkey could have raised this argument" "that his plea was not knowingly, voluntarily, and intelligently made" "in a direct appeal"); *Straley* at ¶ 23 (concluding that "the trial court did not abuse its discretion in finding that res judicata barred Straley's motion to withdraw his guilty plea"); *Rock* at ¶ 19.

{¶14} Artis's assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**SHAW, P.J., and WILLAMOWSKI, J., concur.**

**/jlr**