[Cite as *State v. Artis*, 2021-Ohio-2296.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

        PLAINTIFF-APPELLEE,

        v.

TYRELL E. ARTIS,

        DEFENDANT-APPELLANT.

CASE NO. 8-21-12

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR-18-05-0140

**Judgment Affirmed**

**Date of Decision:  July 6, 2021**

APPEARANCES:

    *Tyrell E. Artis* **Appellant**

    *Alice Robinson-Bond* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Tyrell E. Artis ("Artis"), pro se, appeals the March 18, 2021 judgment of the Logan County Court of Common Pleas denying his post-conviction Motion to Vacate Conviction and/or Sentence.

*Relevant Facts and Procedural History*

{¶2} On May 8, 2018, (in case number CR18-05-0140) the Logan County Grand Jury returned a two-count indictment against Artis alleging that he committed one count of domestic violence, in violation of R.C. 2919.25(A),(D)(4), a felony of the third degree, and one count of abduction, in violation of R.C. 2905.02(A)(2), (C), a felony of the third degree. The charges stemmed from a physical altercation that Artis had with his live-in girlfriend, during which he prevented her from leaving their home by grabbing her by the throat and strangling her, headbutting her, and then throwing her down to the ground. The indicted domestic violence charge was elevated to a felony of the third degree as a result of Artis's prior domestic violence convictions in 2011. Artis was subsequently found guilty by a jury on both counts.

{¶3} On August 21, 2018, the trial court imposed a prison term of 36 months upon Artis for the domestic violence conviction, and a prison term of 24 months for the abduction conviction. The trial court ordered the prison terms to run consecutively for an aggregate prison term of 60 months.

{¶4} Artis filed a direct appeal to this Court of the August 21, 2018 Judgment Entry of conviction and sentence. We affirmed this judgment on May 28, 2019.

*See State v. Artis*, 3d Dist. Logan No. 8-18-40, 2019-Ohio-2070. Notably, Artis did not contest in his direct appeal the State's use of his 2011 domestic violence convictions to enhance his 2018 domestic violence conviction from misdemeanor to a felony of the third degree.

{¶5} On October 29, 2019, Artis filed motions in the Bellefontaine Municipal Court (in case numbers 11 CRB 01721 and 11 CRB 01850) to withdraw his guilty pleas underlying his 2011 domestic violence convictions, arguing that his pleas were uncounseled and therefore invalid. The State opposed Artis's motions, and on November 5, 2019, the municipal court issued judgments denying Artis's motions to withdraw his guilty pleas. Artis appealed the municipal court's denial of his motions to withdraw his pleas, maintaining the challenge to the validity of his guilty pleas in his 2011 domestic violence convictions. This Court affirmed the judgments of the municipal court on the basis that Artis's claims were barred by the doctrine of res judicata. *See State v. Artis*, Nos. 8-19-52, 8-19-53, 2020-Ohio-4018.

{¶6} On February 12, 2021, (in case number CR18-05-0140) Artis filed a Motion to Vacate Conviction and/or Sentence, arguing that the trial court lacked jurisdiction to impose a felony sentence for his 2018 domestic violence conviction on his contention that the charge should have been a misdemeanor. This contention was based upon his allegation that his 2011 guilty pleas in his prior domestic violence convictions were uncounseled with no valid waiver of counsel. Artis also

asserted that his counsel was ineffective for failing to raise this issue in his direct appeal.

{¶7} The State filed a memorandum in opposition arguing that Artis's motion was an untimely petition for post-conviction relief, being filed outside of the 365-day statutory timeframe, and that in any event the claims raised in the motion were barred by res judicata because Artis could have raised the issue in his direct appeal of the 2018 judgment entry of conviction and sentence but failed to do so. The State also noted that Artis had stipulated at the jury trial to the authenticity of his prior 2011 domestic violence convictions as a matter of trial strategy. Artis filed a reply to the State's opposition arguing that his motion was not a petition for postconviction relief.

{¶8} On March 18, 2021, the trial court issued a judgment entry overruling Artis's motion. The trial court construed the motion as a petition for postconviction relief and found that the motion was untimely and failed to meet any exceptions to the application of the statutory timeframe. The trial court also determined that Artis's claims could have been raised in his direct appeal and therefore were barred by the doctrine of res judicata.

{¶9} It is from this judgment that Artis now appeals, asserting the following assignment of error.

**THE TRIAL COURT'S STANDARD OF REVIEW OF APPELLANT'S MOTION TO VACATE A VOID CONVICTION AND OR SENTENCE IS CONTRARY TO THE**

**OHIO SUPREME COURT'S JURISPRUDENCE OF VOID AND VOIDABLE WITHIN *STATE v. HARPER*, 2020-OHIO-2913; *STATE v. HENDERSON*, 2022-OHIO-4784 IN WHICH THE MERITS OF THE MATTER ESTABLISHES LACK OF JURISDICTION.**

{¶10} In his sole assignment of error, Artis argues that the trial court erred in overruling his Motion to Vacate Conviction and/or Sentence. Specifically, he claims that his 2011 misdemeanor convictions for domestic violence are void, not voidable, and therefore could not have been used to enhance the domestic violence offense from a misdemeanor to a felony in his 2018 case. Notably, Artis fails to make any argument on appeal regarding the trial court's treatment of his motion as an untimely petition for post-conviction relief.

*Legal Authority*

{¶11} "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) * * *." *State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 9; *see State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 10 (noting that trial courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged).

{¶12} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment. Postconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410

(1994) (Citation omitted). "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion * * *." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶13} The Supreme Court of Ohio has held that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence [or conviction] on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). A motion meets the definition for postconviction relief if it: "(1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *Id*. Pursuant to R.C. 2953.21(A)(2), a defendant must file a postconviction-relief petition within 365 days from the filing of the trial transcripts in his or her direct appeal of the Judgment of Conviction.

{¶14} Additionally, it is longstanding Ohio law that "res judicata [is] a proper basis upon which to dismiss without hearing an R.C. 2953.21 petition." *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the

trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180 (1967) (Emphasis omitted.).

*Analysis*

{¶15} At the outset, we find no error in the trial court's determination that Artis's Motion to Vacate Conviction and/or Sentence meets the criteria for a petition for postconviction relief. Moreover, the record confirms the trial court's finding that Artis filed his motion for postconviction relief more than 365 days after the trial transcripts were filed in his direct appeal.[1] As noted by the trial court, pursuant to R.C. 2953.23, "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21] unless division (A)(1) or (2) of this section applies * * *." Revised Code section 2953.23(A)(1) governs being unavoidably prevented from discovering new evidence and R.C. 2953.23(A)(2) governs actual innocence as a result of DNA testing. Artis has failed to demonstrate that either situation applies to his case.

{¶16} Accordingly, we conclude that the trial court was justified in dismissing Artis's postconviction relief motion for lack of jurisdiction because he did not file it in a timely manner. This notwithstanding, we further conclude that Artis's arguments on appeal are barred by the doctrine of res judicata, as he failed to raise this issue in a direct appeal of the municipal court's 2011 judgment entries

---

[1] The trial transcripts were filed in Artis's direct appeal on October 8, 2018. Artis filed the postconviction motion at issue on February 12, 2021.

convicting him of misdemeanor domestic violence and in his direct appeal of the trial court's 2018 judgment entry convicting him of felony domestic violence.

{¶17} Based on the foregoing, the assignment of error is overruled and the judgment of the Logan County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and MILLER, J.J., concur.**

**/hls**