[Cite as *State v. Smith*, 2022-Ohio-742.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 5-21-05

      v.

RODNEY D. SMITH, JR.,               O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 5-21-06

      v.

RODNEY D. SMITH, JR.,               O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 5-21-07

      v.

RODNEY D. SMITH, JR.,               O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 5-21-08

    v.

RODNEY D. SMITH, JR.,             O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeals from Hancock County Common Pleas Court**
**Trial Court Nos. 2018 CR 55, 2020 CR 16, 2017 CR 349 and 2015 CR 349**

**Appeals Dismissed in Part and Judgments Affirmed in Part**

**Date of Decision:   March 14, 2022**

---

APPEARANCES:

    *Michael H. Stahl* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Rodney D. Smith, Jr. ("Smith"), appeals the December 30, 2020 judgment entry of the Hancock County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons set forth below, we dismiss in part and affirm in part.

{¶2} On December 29, 2015, in case number 2015-CR-349 (hereinafter "2015 case"), Smith was indicted by the Hancock County Grand Jury on two criminal counts of aggravated possession of controlled substances in violation of R.C. 2925.11(A), both fifth-degree felonies. (Case No. 2015-CR-349, Doc. No. 1). On April 21, 2016, Smith entered guilty pleas to both counts in the indictment, and the trial court found him eligible for intervention in lieu of conviction ("ILC"). (Case No. 2015-CR-349, Doc. Nos. 16, 18). (*See* Case No. 2015-CR-349, Doc. Nos. 8, 10, 11, 13, 14, 15). The trial court held Smith's guilty pleas in abeyance, and granted his request for ILC placing Smith *as if* under community control sanctions. (*Id.*).

{¶3} Nevertheless, Smith had a series of probation violations from June 2, 2017 through October 3, 2017 in the 2015 case. (Case No. 2015-CR-349, Doc. Nos. 33, 34, 36, 40, 41, 42, 47). Smith admitted to the violations and requested a presentence investigation report to be prepared in anticipation of his sentencing hearing.[1] (Doc. No. 47).

{¶4} However, prior to being sentenced in his 2015 case, Smith was indicted on November 14, 2017, in case number 2017-CR-349 ("2017 case", hereafter), for failing to appear ("FTA") for a court hearing (in his 2015 case) in violation of R.C.

---

[1] The judgment entry of conviction was filed on November 14, 2017. (Case No. 2015-CR-349, Doc. No. 47).

2937.29 and R.C. 2937.99(A), a fourth-degree felony.[2] (Case No. 2017-CR-349, Doc. No. 1). On January 11, 2018, Smith entered a guilty plea to the FTA.[3] (Case No. 2017-CR-349, Doc. Nos. 11, 13).

{¶5} Thereafter, and prior to being sentenced on the 2015 and 2017 cases, Smith was indicted by the Hancock Grand Jury in case number 2018-CR-55 ("2018 case", hereafter) on February 27, 2018 on one count of aggravated possession of a controlled substance in violation of R.C. 2925.11(A), a fifth-degree felony.[4] (Case No. 2018-CR-55, Doc. No. 1). On March 8, 2018, Smith withdrew his plea of not guilty and entered a guilty plea in his 2018 case. (Mar. 8, 2018 Tr. at 10-11); (Case No. 2018-CR-55, Doc. No. 10). That same day, Smith and the State presented a joint sentencing recommendation to the trial court in his 2015, 2017, and 2018 cases. Smith was sentenced to a five-year term of community control sanctions with reserved prison terms in his sentences in his 2015, 2017, and 2018 cases, respectively. (*Id.*); (Case No. 2015-CR-349, Doc. No. 57); (Case No. 2017-CR-349, Doc. No. 17); (Case No. 2018-CR-55, Doc. No. 15).

---

[2] The facts supporting the State's indictment against Smith (in his 2017 case) are his failure to appear before the Hancock County Common Pleas Court for an ILC hearing scheduled on September 28, 2017 after his release from jail on an own recognizance bond. (Case No. 2017-CR-349, Doc. No. 1). (*See* 2015-CR-349, Doc. Nos. 41, 47).

[3] The judgment entry of conviction was filed on February 6, 2018. (Case No. 2017-CR-349, Doc. No. 13).

[4] The facts supporting the State's indictment against Smith (in his 2018 case) for Smith's Aggravated Possession of controlled substances are that an offense was committed on or around June 2, 2017 and while Smith was under supervision in his 2015 case. (Case No. 2018-CR-55, Doc. No. 1). (*See* 2015-CR-349, Doc. No. 33).

{¶6} On January 21, 2020, Smith was indicted in case number 2020-CR-16 (hereinafter "2020 case") on Count One for aggravated trafficking in drugs in violation of R.C. 2925.03(A), a third-degree felony, and Count Two of aggravated trafficking in drugs in violation of R.C. 2925.03(A), a fourth-degree felony. (Case No. 2020-CR-16, Doc. No. 1).

{¶7} On October 5, 2020, pursuant to a negotiated plea agreement, Smith withdrew his pleas of not guilty and entered guilty pleas to an amended Count One and Count Two (as indicted) for aggravated trafficking in drugs in violation of R.C. 2925.03(A), *now* both fourth-degree felonies. (Case No. 2020-CR-16, Doc. Nos. 46, 48). The trial court accepted his pleas and continued Smith's case for sentencing.

{¶8} On November 5, 2020, the State filed a notice requesting a hearing on the basis that Smith had violated the terms and conditions of his community control sanctions in his 2015, 2017, and 2018 cases. (Case No. 2015-CR-349, Doc. Nos. 84, 85, 86); (Case No. 2017-CR-349, Doc. Nos. 44, 46, 47); (Case No. 2018-CR-55, Doc. Nos. 44, 46, 47). At the hearing scheduled on November 9, 2020, Smith entered admissions to community control violations in his 2015, 2017, and 2018 cases. (Case No. 2015-CR-349, Doc. No. 88); (Case No. 2017-CR-349, Doc. No. 49); (Case No. 2018-CR-55, Doc. No. 49); (Nov. 9, 2020 Tr. at 3-12). (*See* Case No. 2020-CR-16, Doc. No. 61).

{¶9} Following the trial court's acceptance of Smith's admissions in those cases, the trial court proceeded to a sentencing hearing (as to all four cases). At that hearing and prior to being sentenced by the trial court, Smith made an *oral* motion to withdraw his guilty plea in his 2020 case. (Nov. 9, 2020 Tr. at 25-30); (Case No. 2020-CR-16, Doc. No. 51). The State did not oppose Smith's oral motion. (Nov. 9, 2020 Tr. at 26, 34). Nevertheless, the trial court immediately entertained the arguments of the parties as to the reasons for the withdrawal. At the conclusion of arguments, Smith's attorney requested to supplement the record with a *written* presentence motion to withdraw his guilty plea. The trial court granted his request. (Case No. 2020-CR-16, Doc. No. 51); (Nov. 9, 2020 Tr. at 45, 47). (*See also* Case No. 2015-CR-349, Doc. No. 88); (Case No. 2017-CR-349, Doc. No. 49); (Case No. 2018-CR-55, Doc. No. 49). Smith submitted his written motion to withdraw his guilty pleas to the trial court on November 12, 2020. (Case No. 2020-CR-16, Doc. No. 53). On December 30, 2020, the trial court denied Smith's *oral* and *written* motions to withdraw his guilty pleas in his 2020 case. (Case No. 2020-CR-16, Doc. No. 61).

{¶10} On February 8, 2021, the trial court proceeded to sentencing on all four cases. (Feb. 8, 2021 Tr. at 3); (Case No. 2015-CR-349, Doc. No. 100); (Case No. 2017-CR-349, Doc. No. 59); (Case No. 2018-CR-55, Doc. No. 59); (Case No. 2020-CR-16, Doc. No. 67). First, the trial court revoked Smith's community control

sanctions, terminated him unsuccessfully, and sentenced him to an 11-month prison term on both counts in his 2015 case to be served concurrent to one another and concurrent to the prison term imposed in case number 2018-CR-55. (*Id.* at 25-26); (Case No. 2015-CR-349, Doc. No. 100). (*See also* Case No. 2018-CR-55, Doc. No. 59). Next, the trial court sentenced Smith in his 2018 case to an 11-month prison term to be served concurrently to the sentence imposed in case number 2015-CR-349. (*Id.*); (Case No. 2018-CR-55, Doc. No. 59). (*See also* Case No. 2015-CR-349, Doc. No. 100). Then, the trial court sentenced Smith to a 17-month prison term in his 2017 case to be served consecutively to the prison terms imposed in case number 2020-CR-16. (*Id.* at 26); (Case No. 2017-CR-349, Doc. No. 59). (*See also* Case No. 2020-CR-16, Doc. No. 67). Finally, in his 2020 case, the trial court sentenced Smith to serve (two) 17-month prison terms as to amended Count One and indicted Count Two to be served consecutively to one another and consecutively to the prison term imposed in case number 2017-CR-349 for a total aggregate prison term (in all cases) of 51-months. (*Id.* at 26-27); (Case No. 2020-CR-16, Doc. No. 67). (*See also* Case No. 2017-CR-349, Doc. No. 59).

{¶11} Smith filed timely notices of appeal in his 2015, 2017, 2018, and 2020 cases, which we have consolidated. Smith raises one assignment of error for our review.

### *Appeals 5-21-05, 5-21-07, and 5-21-08*

**{¶12}** Before we address the merits of Smith's appeals, we note that Smith (in his brief) does not present any arguments challenging the voluntariness of his pleas or admissions in his 2015, 2017, and 2018 cases. Rather, his assignment of error only challenges the scope of his negotiated plea agreement and the voluntariness of his guilty pleas in his 2020 case. Since there are no issues raised or error assigned below in the 2015, 2017, and 2018 cases, those appeals are dismissed. *See State v. Taylor*, 3d Dist. Seneca Nos. 13-19-21 and 13-19-22, 2019-Ohio-4719, ¶ 8. Therefore, we will only consider Smith's appeal as it pertains to his 2020 case in appellate case number 05-21-06.

### *Appeal 5-21-06*

### Assignment of Error

**The trial court erred in not granting Mr. Smith's unopposed pre-sentence motion to withdraw his plea because he misunderstood the terms of the agreement with the prosecution.**

**{¶13}** In his first assignment of error, Smith argues that the trial court erred by denying his *presentence* motion to withdraw his guilty plea in his 2020 case. In particular, Smith argues that the trial court should have granted his request to withdraw his guilty pleas since he misunderstood the scope of the negotiated plea agreement, and because his motion was *unopposed*.

*Standard of Review*

**{¶14}** Appellate review of the trial court's denial of a Crim.R. 32.1 motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Artis*, 3d Dist. Logan Nos. 8-19-52 and 8-19-53, 2020-Ohio-4018, ¶ 10; *see State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Artis* at ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

**{¶15}** Recently, the Supreme Court of Ohio emphasized the "necessity of placing" an underlying plea agreement on the record. *See State v. Azeen*, 163 Ohio St.3d 447, 2021-Ohio-1735, ¶ 36, citing Crim.R. 11(F). Here, Smith's argument relates to the scope of the negotiated plea agreement in his 2020 case.

**{¶16}** The record reveals the terms of the agreement that was placed on the record (in open court) at Smith's change-of-plea hearing are as follows:

| [Trial Court] | It's my understanding then, from talking with counsel, that the parties have today reached agreements. They wish to proceed with a change of plea. |
|---|---|
| | Mr. Kelley, is that still your client's intention? |
| [Smith's Trial Counsel] | May it please the Court, it is Your Honor. I went back over with him the plea documents. *The, essentially, slightly new deal, understanding that before the Court* |

|  | *was -- that the Prosecutor was going to defer, but now they're going to be free to recommend, based on the PSI, which we understand that slight difference, and my client is prepared to proceed with the plea, based upon that recommendation.* |
|---|---|
| [Trial Court] | All right. Ms. Limerick, you have the 11(F) negotiations as you understand them? |
| [State] | Yes, Your Honor. Please the Court: At this time, I would ask for leave of Court to amend count one in the indictment from a charge of aggravated trafficking in drugs, a felony of the third degree, to that of aggravated trafficking in drugs, a felony of the fourth degree, in violation of the same code section, 2925.03(A), but by striking reference to this happening in the vicinity of a juvenile. |
|  | It is my understanding the Defendant would consent to that amendment, waive any defects in the amendment process and all allied rights, and will be tendering a guilty plea to the amended count one, as well as a guilty plea to count two, a charge of aggravated trafficking in drugs, a felony of the fourth degree. |
|  | As already stated, the parties will be requesting a PSI, and *the parties are free to argue in the appropriate sentence*. |
|  | The Defendant also agrees to admit to any related probation violations and make $100 in reimbursement to the METRICH Drug Task Force. |

| | |
|---|---|
| [Trial Court] | $100, Ms. Limerick? |
| [State] | Yes, sir. |
| [Trial Court] | Okay, Mr. Kelley? |
| [Smith's Trial Counsel] | Yes, Your Honor. That is our understanding of the agreement, and we are ready to proceed. |
| [Trial Court] | All right. Mr. Smith was that your understanding about how you were going to proceed today? |
| [Smith] | Yes. |

(Emphasis added.) (Oct. 5, 2020 Tr. at 3-6).

{¶17} At Smith's sentencing hearing on November 9, 2020 (following his admissions to his community-control-sanction violations and the State's and defense counsel's arguments as to sentencing in all four cases), Smith made an oral motion to withdraw his guilty pleas. (Nov. 9, 2020 Tr. at 44-45). He told the trial court that he misunderstood that the State was going to "argue" for prison terms rather than probation. (*Id.*). In response, the trial court stopped the sentencing hearing and entertained arguments giving the parties an opportunity to present evidence in support of their respective positions. Thereafter, Smith's counsel submitted a supplemental written motion to withdraw his guilty pleas specifically asserting that the first factor (i.e., as to prejudice) and the seventh factor (i.e., his basis for the motions) favored his request. (Case No. 2020-CR-16, Doc. No. 53).

{¶18} Here, the trial court construed Smith's oral and written motions as *post-sentence* motions to withdraw his guilty pleas. (Case No. 2020-CR-16, Doc. No. 61). The trial court based this determination upon the timing of the motions being that they were made at the sentencing hearing and after the State and defense counsel asserted their positions as to sentence. (*Id.*). However, when ultimately considering the motion in its judgment entry, the trial court evaluated the motion through the lense of *State v. Ferdinandsen*, 3d Dist. Hancock No. 5-16-08, 2016-Ohio-7172, a *presentence*-motion-to-withdraw-a-guilty-plea case. Nevertheless, the trial court denied Smith's motions both as *presentence* and *post-sentence* motions to withdraw his guilty pleas. (Case No. 2020-CR-16, Doc. No. 61).

{¶19} Moreover, on appeal, Smith acknowledges and raises no error with respect to the trial court's construction of his motions as *post-sentence* motions to withdraw. Rather, he directs our attention to the trial court's analysis of those reasonable-and-legitimate-basis factors. (*See* Appellant's Brief at 4). Thus, in our view, Smith has waived any potential error under Crim.R. 52(B) relating to the trial court's construction of his motion as a *post-sentence* motion to withdraw. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23.

*Presentence and Post-sentence Motions to Withdraw Guilty Pleas*

{¶20} Crim.R. 32.1 provides that a defendant is permitted to file a *presentence* motion to withdraw a guilty plea. The general rule is that a trial court

should freely grant such a motion. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992); *State v. Spivey*, 81 Ohio St.3d 405, 415 (1998). However, defendants do not have an absolute right to withdrawal of a guilty plea prior to sentencing. *Xie*, paragraph one of syllabus; *Spivey* at 415. Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists to allow a defendant to withdraw that plea. *Id*.; *Id*.

{¶21} A *post-sentence* motion to withdraw a guilty plea, in contrast, occurs after sentence is imposed, and the defendant bears burden of demonstrating a "manifest injustice". *State v. James*, 3d Dist. Hancock No. 5-19-30, 2020-Ohio-720, ¶ 11, citing *State v. Smith*, 49 Ohio St.3d 261 (1977), paragraph one of the syllabus. "[A] post[-]sentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264. "'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). "A hearing on a post-sentence motion to withdraw guilty plea is not mandatory. It is required only 'if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" *State v. Moore*, 3d Dist. Allen No. 1-11-29, 2012-Ohio-657, ¶ 13, quoting *State v.*

*Hamed*, 63 Ohio App.3d 5, 7 (8th Dist.1989). Put more plainly, before a defendant is entitled to a hearing on a post-sentence motion to withdraw guilty plea, the trial court must conclude that the allegations raised by the defendant, if taken as true, demonstrates a "manifest injustice". *Moore* at ¶ 13.

{¶22} Based on our review of the record, we conclude that Smith's motions are *presentence* motions to withdraw his guilty pleas. Hence, we consider the following factors when reviewing a trial court's decision to grant or deny a presentence motion to withdraw a plea. Those factors are: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentence; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Maney*, 3d Dist. Defiance Nos. 4-12-16 and 4-12-17, 2013-Ohio-2261, ¶ 18, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001) and *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379, ¶ 10. No one factor is

determinative and each factor must be weighed by the trial court. *Griffin* at 554; *Fish* at 240.

{¶23} With these factors in mind, we are cognizant that Ohio Courts have consistently held that a "change of heart" is not sufficient justification to withdraw a plea. *State v. Davis*, 2d Dist. Montgomery No. 18172, 2001 WL 10037, ¶ 2 (Jan. 5, 2001), citing *State v. Drake*, 73 Ohio app.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). *See also State v. Mooty,* 2d Dist. Greene No. 2000 CA 72, 2001-Ohio-1464, *4 (defendant's motion to withdraw his guilty plea "was based solely on an unexpected incarceration sentence, a mere change of heart," and as such was an insufficient rationale to withdraw a guilty plea). *State v. Griffin*, 8th Dist. Cuyahoga No. 82832, 2004-Ohio-1246, ¶ 18, citing *State v. Holloman*, 2d Dist. Greene No. 2000CA82, *3 (June 22, 2001) and *Mooty* at *4.

{¶24} In our review of the factors, we note Smith raised reasonable-and-legitimate-basis factors one and seven in his written motion. However, the trial court considered all of the factors in reaching its determination. Indeed, our examination of the reasonable-and-legitimate-basis factors supports the trial court's denial of Smith's *presentence* motions to withdraw his guilty pleas. Therefore, for the reasons that follow, we conclude that the decision of the trial court was not unreasonable, arbitrary, or unconscionable.

*Factor One: Prejudice to the State*

**{¶25}** Prejudice to the State is not presumed, and this factor, "is often classified as the most important factor in the balancing test." *State v. Cuthbertson*, 139 Ohio App. 3d 895, 899 (7th Dist.2000), citing *Fish*, 104 Ohio App.3d at 240. Here, Smith argues that there was no prejudice to the State because no material witnesses were unavailable, and there were no speedy-trial issues. Undeniably, the State did not argue that it has suffered any prejudice as a result of Smith's request. Hence, we conclude the first factor weighs in favor of Smith.

*Factor Two: Representation afforded to Defendant*

**{¶26}** Smith argues that factor two weighs in his favor. We disagree. Smith alludes that his trial counsel's performance was deficient by characterizing the change in Smith's plea agreement as a "slight difference". Smith attempts to bolster his argument by highlighting that there had been tension in the attorney-client relationship. Indeed, the trial court addressed Smith's concerns and his desire to privately retain counsel at his change-of-plea hearing and prior to his Crim.R. 11 colloquy. (Oct. 5, 2020 Tr. at 5-7). Smith stated that he had met with two different attorneys, but decided not to hire them. (*Id.* at 7). Thereafter, the trial court inquired as to Smith and his court-appointed counsel's relationship as follows:

| [Trial Court] | Okay. So it was your intention then to proceed with Mr. Kelley today? |
|---|---|
| [Smith] | Yes. |

| [Trial Court] | Okay. Understanding that, again, has that left you with enough time to discuss the issues related to this case which [sic] Mr. Kelley? |
| [Smith] | Yes. We discussed everything. |
| [Trial Court] | Okay. So, and I know you had some additional time this morning to discuss the proposed plea, the changes in the -- in the offer from the State of Ohio, you had time to go over all of that with him? |
| [Smith] | Yes, sir. |
| [Trial Court] | Okay. And again, has he answered all of your questions to your satisfaction? |
| [Smith] | Yes, sir. |
| [Trial Court] | Anything else you need time to discuss with him, before I go any further? |
| [Smith] | No, sir. I don't think so. |

(*Id.* at 7-8). Then, the trial court addressed Smith regarding the nature of Smith's charges and the maximum penalties involved for each offense, which Smith acknowledged he understood. (*Id.* at 25-27, 31-32). We conclude that this factor weighs against withdrawal of Smith's guilty pleas.

*Factors Three & Eight:   Extent of the hearing held pursuant to Crim.R. 11 &*

*Defendant's understanding of the nature of the charges and potential sentences*

{¶27} Smith argues that the third and eighth factors weigh in his favor. He asserts that these factors go to the core of his understanding of the plea agreement

(i.e., his mistake of fact) that did not become apparent until the execution of the agreement at his sentencing hearing. Thus, his request was *not* a "change of heart". For ease of discussion, we will address the third and eighth factors together, since, they relate to the change-of-plea hearing and Crim.R. 11 colloquy.

{¶28} The trial court conducted an appropriate change-of-plea hearing. (*Id.* at 1-53). At that hearing, the trial court engaged in a thorough Crim.R. 11 colloquy with Smith informing him of all the rights he was waiving in pleading guilty to the charges. (*Id.* at 22-42). Further, the trial court gave Smith a detailed explanation of the charges against him, the consequences of his plea to those charges, and ample opportunities to ask questions. (*Id.* at 22-42). Lastly, the trial court informed Smith that he was giving up his right to a jury trial, his right to confront witnesses, his right to subpoena witnesses to appear on his behalf, his privilege against self-incrimination, and the right to have the State prove all the elements of each offense beyond a reasonable doubt. (*Id.* at 42-47). Indeed, the trial court provided Smith with a proper change-of-plea hearing making no error in its Crim.R. 11 colloquy or in assessing Smith's understanding of the nature of his charges and potential sentences. Upon our review, we conclude that factors three and eight weigh against Smith's withdrawal request.

*Factor Four:  Extent of motion to withdraw hearing*

**{¶29}** Smith presents no argument regarding the fourth factor.  Certainly, both Smith and the State were given the opportunity to address the trial court and present evidence.  What's more, the trial court permitted Smith's counsel to submit a supplemental written motion at a later date–deferring imposition of sentence.  Consequently, we conclude this factor also weighs against withdrawal.

*Factors Five & Seven:  Trial court's full and fair consideration of the motion & stated reasons for the motion*

**{¶30}** Smith raises no arguments relating to the fifth and seventh factors in his brief.  However, he did assert arguments related to factor seven to the trial court by arguing that he (Smith) is a lay person untrained in legalese.  Indeed, in our view of the record and based upon our conclusion as to the fourth factor, the trial court gave full and fair consideration to Smith's oral and written motions.  Notwithstanding Smith's argument that he is a lay person, Smith was (at all times) represented by counsel with whom he discussed "everything" and with whom he was satisfied. (*Id.* at 7-8).  Thus, we conclude that both factors five and seven weigh against withdrawal.

*Factor Six:  Reasonableness of timing of the motion*

**{¶31}** Smith did not specifically address the sixth factor in his brief.  He did, however, address aspects of the sixth factor in his arguments made relative to factors

-19-

three and eight. Given the premise of Smith's argument, he would appear to have raised his motion to withdraw his guilty plea at the earliest available time. We conclude that this factor weighs in favor of the Smith.

*Factor Nine: Whether the accused was perhaps not guilty or had a complete defense to the charges*

{¶32} It is important to note that Smith never promoted his actual innocence or that he had a complete defense to his case. Instead, he raises a mistake-of-fact argument. This factor weighs against withdrawal of Smith's guilty pleas.

*Conclusion*

{¶33} Upon our review of the reasonable-and-legitimate-basis factors as to whether the trial court erred by denying Smith's motions to withdraw his pleas, we conclude that the trial court did not abuse its discretion in denying such requests.

{¶34} Accordingly, Smith's sole assignment of error is overruled.

{¶35} For the reasons stated above, we dismiss appellant's appeals related to appellate case numbers 05-21-05, 05-21-07, and 05-21-08 and having found no error prejudicial to the appellant herein in the particulars assigned and argued in appellate case number 05-21-06, affirm the judgment of the trial court in appellate case number 5-21-06.

***Appeals Dismissed in Part, and
Judgments Affirmed in Part***

**SHAW and WILLAMOWSKI, J.J., concur.**