[Cite as *State v. Liller*, 2017-Ohio-1208.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0094** |
| KAYLA LILLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00040.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Ronald D. Yarwood,* DeGenova & Yarwood, Ltd., 42 North Phelps Street, Youngstown, OH 44503-1130 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Kayla Liller, appeals from the judgment of the Trumbull County Court of Common Pleas denying her post-sentence motion to withdraw her plea of guilty. We affirm.

{¶2} Appellant was indicted by the Trumbull County Grand Jury on one count of felonious assault, a felony of the second degree, in violation of R.C. 2930.11(A)(1) and (D)(1)(a); one count of child endangering, a felony of the third degree, in violation of

R.C. 2919.22(A) and (E)(1) and (c); and one count of child endangering, a felony of the second degree, in violation of R.C. 2919.22(B)(1) and (E)(1) and (2)(d). Appellant entered a plea of not guilty. She later changed her plea and entered a plea of guilty to an amended indictment to each child-endangering charge. The plea agreement specifically stated that, by entering a plea of guilty, appellant understood each count carried the possibility of imprisonment, up to 36 months for the felony-three count and up to eight years for the felony-two count. The agreement also provided that "[t]he State is not bound by the sentencing recommendation of the Trumbull County Probation Department, and is expressly reserving the right to make a sentencing recommendation at the sentencing hearing. The state will recommend a prison sentence."

{¶3} At the plea hearing, appellant appeared with defense counsel, Attorney Holly Hanni. The trial court engaged appellant in a full Crim.R. 11 colloquy after which it determined she knowingly and voluntarily waived all constitutional and statutory rights. The court explicitly asked appellant if any promises or threats were made that caused her to enter the plea and sign the agreement. Appellant responded in the negative. The court accepted appellant's plea and set the matter for sentencing.

{¶4} On October 7, 2015, the court held a sentencing hearing. The state requested, and the court imposed, an aggregate prison term of seven years. Following the hearing, defense counsel was discharged and a different attorney was retained to handle any post-conviction issues.

{¶5} On December 29, 2015, appellant filed a motion to withdraw her guilty plea. In the motion, appellant asserted her plea was not entered knowingly, intelligently, and voluntarily because, she alleged, trial counsel promised her: (1) she would receive

2

community control and (2) the prosecutor would remain silent and make no recommendation on sentencing.

{¶6} The matter proceeded to hearing, appellant called a total of five witnesses, four members of her family as well as herself. Each of appellant's family members testified they were generally aware that appellant could receive a prison term in exchange for her plea of guilty. They each acknowledged that Attorney Hanni provided them with conflicting accounts of whether appellant would go to prison and whether the prosecutor would remain silent during sentencing. And each family member testified that they were not present for every conversation between Attorney Hanni and appellant.

{¶7} Appellant testified she was aware she could go to prison on the felony charges to which she pleaded guilty and, in particular, that the potential penalty for the felony-two child endangering count included a presumption that prison be imposed. She was also aware that her co-defendant, Tedy Mendez, had been sentenced to a term of seven-years imprisonment for pleading guilty to the same charges prior to entering her plea. Appellant acknowledged she read the original plea agreement and, as such, she was aware of the potential penalties for the charges to which she pleaded and that the prosecutor would recommend prison. She also conceded that she was not subjected to any threats or promises at the time she entered the plea. Appellant also acknowledged she had lied throughout the progression of the case.

{¶8} Attorney Hanni testified she has never made a promise or guarantee to a client. And Attorney Hanni emphasized she did not promise appellant she would receive community control; similarly, even though she may have communicated her belief that

the prosecutor would remain silent at sentencing, Attorney Hanni testified she did not promise appellant the prosecutor would stand silent. Attorney Hanni further testified that she explained to appellant that, regardless of what the defense requested or the state recommended, her ultimate sentence was a matter within the exclusive province of the trial court.

{¶9} On February 16, 2016, the trial court determined appellant failed to establish her plea of guilty resulted in a manifest injustice. The court noted that, although Attorney Hanni may have given differing versions of appellant's potential sentence, she testified she did not promise appellant she would receive community control. Also, the court found appellant was plainly aware of the consequences of entering the guilty plea. Hence, the court concluded no manifest injustice occurs where an attorney predicts a lighter sentence than the sentence imposed by the trial court.

{¶10} Next, the court observed that, even though Attorney Hanni relayed her mistaken belief that the prosecutor would not openly speak at the sentencing hearing to appellant, the state's recommendation "was of no consequence." The court stated that it independently decided appellant's sentence after reading the presentence investigation report. The court therefore denied appellant's post-sentence motion to withdraw her guilty plea. This appeal follows.

{¶11} Appellant assigns two errors for our review. Her first assignment of error provides:

{¶12} "The trial court abused its discretion by denying appellant's motion to withdraw her guilty plea as appellant presented sufficient evidence that a manifest

4

injustice occurred insomuch as she was made an unfulfilled promise by her lawyer relative to the sentence she would receive."

{¶13} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit a defendant to withdraw his plea." A defendant who seeks to withdraw a guilty plea after sentence must establish a manifest injustice. *See e.g. State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶12. "Withdrawal of a guilty plea after sentencing is permitted only in 'extraordinary cases.'" *State v. McComb*, 2d Dist. Montgomery Nos. 22570 and 22571, 2008-Ohio-295, ¶8 quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶14} A change of mind, after an unexpectedly severe sentence does not entitle a defendant to withdraw her plea of guilty. *McComb*, *supra*, at ¶9. Generally, no manifest injustice occurs when a defendant holds a mistaken belief that her sentence would be significantly less harsh than that which was imposed. *Id.* A manifest injustice does not arise simply because counsel is wrong about the sentence the defendant receives. *Id.* "Only if counsel promised the defendant that a guilty plea will result in a lower sentence than is actually imposed would a manifest injustice potentially result." *Id.* "[S]uffice it to say that an overwhelming authority of case law states that manifest injustice, as contemplated by the rule, does not, *ipso facto* result from counsel's erroneous advice concerning the sentence that will be imposed." (emphasis sic.) *State v. Blatnik*, 17 Ohio App.3d 201, 203 (6th Dist.1984).

{¶15} The decision whether to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. *State v. Borecky*, 11th Dist.

5

Lake No. 2007-L-197, 2008-Ohio-3890, ¶14. The good faith, credibility, and weight of the movant's assertions in support of the motion are to be resolved by the trial court. *Smith*, *supra*, at paragraph two of the syllabus. Accordingly, appellate review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a consideration of whether the lower court abused its discretion. *State v. Pearson*, 11th Dist. Portage Nos. 2002-P-2413 and 2002-P-2414, 2003-Ohio-6962, ¶7. The phrase "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). Where the record neither shows a "clear or openly unjust action" nor "an extraordinary and fundamental flaw in the plea proceeding," the denial of a postsentence motion to withdraw a guilty plea will typically be affirmed. *State v. Corradetti*, 11th Dist. Lake No. 2012-L-006, 2012-Ohio-5225, ¶9.

{¶16} Appellant argues the trial court erred in denying her motion to withdraw her plea because she adequately established Attorney Hanni promised her she would receive community control. She maintains she relied upon this promise, as well as Attorney Hanni's alleged erroneous promise that the prosecutor would remain silent at sentencing, when she entered her guilty plea. As a result, she asserts her plea was not knowingly and intelligently entered and, thus, the trial court abused its discretion in concluding no manifest injustice occurred. In support, appellant cites *State v. Mogle*, 2d Dist. Darke Nos. 2013-CA-4 and 2013-CA-5, 2013-Ohio-5342.

{¶17} In *Mogle*, the defendant entered pleas of guilty after his attorney mistakenly advised him, due to the attorney's misunderstanding, that the trial court

6

promised it would sentence the defendant to community control, rather than prison. The defendant was ultimately sentenced to prison. The defendant moved to withdraw his guilty pleas, but the trial court denied the motion. On appeal, the Second District determined the defendant suffered a manifest injustice. The court's conclusion was premised upon the following reasons: (1) the defendant's attorney verified that, during a discussion with the trial court, he mistakenly believed the court had promised it would sentence the defendant to community control and the attorney conveyed this purported promise to the defendant; (2) the trial court did not inquire, during the Crim.R. 11 colloquy, whether he was relying on any promises not contained in the plea agreement; (3) at the time of sentencing, the trial court and counsel were in possession of a letter from the defendant attempting to verify the promise, but the import of the letter was not discussed on record; (4) the attorney alluded to the promise on record at the sentencing hearing; and (5) the trial court verified, in its judgment denying the defendant's motion, that it discussed tentative sentencing possibilities with defense counsel, but made no promises.

{¶18} The instant matter is distinguishable from *Mogle*. Here, Attorney Hanni testified she does not make promises or guarantees to her clients; and, she testified she did not promise appellant the trial court would sentence her to community control. Similarly, Attorney Hanni stated she did not promise appellant the prosecutor would remain silent during sentencing. Attorney Hanni did clarify that she *believed* the prosecutor would remain silent at sentencing until the day of sentencing, when she conferred with the prosecutor who advised her he would make a sentencing recommendation. This belief, however, is not tantamount to an assurance or promise.

7

{¶19} Furthermore, during the Crim.R. 11 colloquy, the trial court queried whether any promises or threats were made to appellant causing her to sign the written plea agreement. Appellant responded in the negative. Moreover, at the conclusion of the colloquy, the trial court asked appellant if she had any questions about the plea agreement "whatsoever." Again, appellant responded in the negative.

{¶20} Finally, the plea agreement set forth all the consequences of entering a plea of guilty, including the possibility, if not likelihood, of receiving a prison term as well as the state's reservation to make a recommendation on sentence at the sentencing hearing. Appellant acknowledged reading the document, understanding it, and signing it under no duress and with no threats or promises. Appellant testified she was aware that a prison term could be imposed upon entering the plea. And she was aware her co-defendant, Tedy Mendez, entered a plea to the same charges and received a seven-year term of imprisonment *prior to* entering her plea and being sentenced. Accordingly, appellant was aware of the potential consequences of entering the plea as well as the rights she was waiving in doing so.

{¶21} Although appellant presented five witnesses, including herself, testifying Attorney Hanni had made the promise, Attorney Hanni vehemently denied making any promises to appellant. The weight of the evidence and credibility accorded witnesses is within the province of the trial court. The court determined appellant was not promised community control and that, even though Attorney Hanni had the mistaken belief the prosecutor would remain silent at sentencing, she did not promise appellant he would do so. The trial court's decision was reasonable and supported by the record. We therefore discern no abuse of discretion.

8

**{¶22}** Appellant's first assignment of error is without merit.

**{¶23}** Appellant's second assignment of error provides:

**{¶24}** "Trial counsel was ineffective, relative to the plea bargain in this case, as she did not accurately represent the plea offer to appellant, appellant relied on counsel's misrepresentations and, but for those misrepresentations, appellant would not have taken the plea offer."

**{¶25}** In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668, (1984)). In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Bradley, supra* at paragraph three of the syllabus. If a claim can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsel's performance was deficient. *Id.* at 143, citing *Strickland, supra*, 695-696. There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142-143.

**{¶26}** Appellant argues counsel was ineffective because she advised appellant she would receive community control and also communicated that the prosecutor would remain silent at sentencing. According to appellant, she relied upon these erroneous representations when she entered her plea. Hence, appellant maintains, she was prejudiced by counsel's deficient performance. We do not agree.

9

{¶27} The plea agreement, which appellant testified she read and understood, reveals she was aware she could be sentenced to prison, but was eligible for community control. It further provided that the agreement reflected the entire agreement and no additional promises or representations had been made. During her plea hearing, at which the trial court engaged appellant in a thorough Crim. R. 11 colloquy, appellant was again advised of the maximum penalties she could face; she admitted she was satisfied with Attorney Hanni's representation; that no threats or promises were made to her to compel the plea; and that she had no questions relating to the nature or consequences of the plea into which she elected to enter.

{¶28} Although appellant maintains certain promises were made by her attorney, these allegations arose only after sentence was imposed. Appellant never inquired into or attempted to confirm counsel's alleged assurances regarding community control or the prosecutor's silence; and appellant did not voice any objection upon the trial court's imposition of the seven-year term of imprisonment. Each of the foregoing factors, in conjunction with Attorney Hanni's testimony that she made appellant no promises regarding punishment or the prosecutor's silence, undermine the credibility of appellant's argument. And even if Attorney Hanni provided appellant with some hope that the trial court would impose a lighter sentence and/or indicated her belief that the prosecutor would stand silent, "'[a] lawyer's mistaken prediction about the likelihood of a particular outcome after correctly advising the client of the legal possibilities is insufficient to demonstrate ineffective assistance of counsel.'" *State v. Haskell*, 8th Dist. Cuyahoga No. 13-14-42, 2015-Ohio-1885, ¶9, quoting *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, ¶10 (8th Dist.), citing *State v. Creary*, 8th Dist. Cuyahoga No.

82767, 2004-Ohio-858, ¶ 10, *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989); *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073, ¶34; *see also State v. Boysel*, 3d Dist. Van Wert No. 15-10-09, 2011-Ohio-1732, ¶11 ("'an attorney's "mere inaccurate prediction of a sentence" does not demonstrate the deficiency component of an ineffective assistance of counsel claim.'"), quoting *U.S. v. Martinez*, 169 F.3d 1049, 1053 (7th Cir.1999).

{¶29} The totality of the circumstances demonstrates Attorney Hanni did not render deficient representation. Accordingly, appellant has failed to establish he suffered ineffective assistance of counsel.

{¶30} Appellant's second assignment of error lacks merit.

{¶31} For the reasons stated in this opinion, the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.