[Cite as *State v. Cartlidge*, 2021-Ohio-3787.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                       CASE NO. 13-21-06

    v.

LAMAR L. CARTLIDGE,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 17 CR 0166

**Judgment Affirmed**

Date of Decision: October 25, 2021

APPEARANCES:

    *Lamar L. Cartlidge*, Appellant

    *Stephanie J. Kiser* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Lamar L. Cartlidge ("Cartlidge"), pro se, appeals the March 11, 2021 judgment of the Seneca County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.

*Relevant Facts and Procedural History*

{¶2} Cartlidge was charged in a superceding indictment with aggravated trafficking in drugs, a fourth-degree felony (Count One); trafficking in cocaine, a fifth-degree felony (Count Two); failure to comply with an order or signal of a police officer, a third-degree felony (Count Three); tampering with evidence, a third-degree felony (Count Four); possession of cocaine, a fifth-degree felony (Count Five); aggravated trafficking in drugs, a fourth-degree felony (Count Six); and aggravated possession of drugs, a fifth-degree felony (Count Seven). Cartlidge ultimately pled guilty to all counts of the superceding indictment.

{¶3} On September 13, 2018, the trial court sentenced Cartlidge to the maximum sentence on all counts. The trial court ordered that all of the sentences be served consecutively, for an aggregate term of 144 months in prison, and that they also be served consecutively to the days Cartlidge had remaining on post-release control.

{¶4} Cartlidge filed a direct appeal to this Court of the September 13, 2018 Judgment Entry of Sentence. We affirmed this judgment on April 8, 2019. *See State v. Cartlidge*, 3d Dist. Seneca No. 13-18-33, 2019-Ohio-1283.

{¶5} On January 12, 2021, Cartlidge filed a motion in the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1. The State opposed Cartlidge's motion, and on March 11, 2021, the trial court issued a judgment denying Cartlidge's motion to withdraw his guilty plea. The trial court found that his motion was not predicated on new evidence. The trial court also determined that the proper venue for raising Cartlidge's claims was during his direct appeal.

{¶6} It is from this judgment that Cartlidge now appeals, asserting three assignments of error. For ease of discussion, we will address all of the assignments of error together.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ABUSE [SIC] ITS DISCRETION WHEN IT DENIED APPELLANT'S POST-SENTENCE CRIM. R. 32.1 MOTION BASED ON NEW EVIDENCE THAT WAS ATTACHED TO THE MOTION IN VIOLATION OF 5TH AND 14TH AMENDMENTS DUE PROCESS.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ERRED WHEN IT FAILED TO NOTIFY THE APPELLANT BEFORE ACCEPTING HIS GUILTY PLEA TO AN OFFENSE HE COMMITTED WHILE ON POST-RELEASE CONTROL THAT PURSUANT TO R.C. 2929.141 THAT A PRISON TERM FOR A POST-RELEASE CONTROL VIOLATION MUST BE SERVED CONSECUTIVELY TO ANY**

**PRISON TERM FOR THE NEWLY COMMITTED OFFENSE IN VIOLATION OF DUE PROCESS UNDER THE 5TH AMENDMENT.**

**ASSIGNMENT OF ERROR NO. 3**

**THE TRIAL COURT ERRED WHEN IT FAILED TO NOTIFY THE APPELLANT THAT ANY PRISON SENTENCE IMPOSED FOR A VIOLATION OF R.C. 2921.331 MUST BE SERVED CONSECUTIVELY TO ANY PRISON TERM FOR ANY OTHER OFFENSES BEFORE ACCEPTING HIS GUILTY PLEA IN VIOLATION OF 5TH AND 14TH AMENDMENTS UNDER THE U.S. CONSTITUTION.**

**{¶7}** Cartlidge first argues that the trial court abused its discretion when it denied his post-sentence motion to withdraw his guilty plea based on newly discovered evidence. Specifically, Cartlidge argues that he submitted evidence to support his motion that is purportedly outside the record, namely, a transcript of the plea hearing. Cartlidge maintains that this is evidence which is "dehors the record" because it was not made a part of the record for his direct appeal. Cartlidge further argues because of the trial court's alleged errors during the plea hearing--that the trial court erred when it failed to notify him of the potential R.C. 2929.141 consecutive sentence and the consecutive sentence pursuant to R.C. 2921.331--that he entered his guilty plea involuntarily, unintelligently and unknowingly. The State responds that res judicata bars Cartlidge's arguments.

*Standard of Review*

**{¶8}** Appellate review of the trial court's denial of a Crim.R. 32.1 motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Artis*, 3d Dist. Logan Nos. 8-19-52 and 8-19-53, 2020-Ohio-4018, ¶ 10; *see State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Artis* at ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

**{¶9}** Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." " 'A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice.' " *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14, quoting *Smith* at paragraph one of the syllabus. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Id.* Res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentence motion when those claims were or could have been raised on direct appeal. *Straley* at ¶¶ 15, 23; *see also Artis* at ¶ 11. An exception to the res judicata bar is when the defendant raises claims that were not available on

appeal because they are based on evidence outside the record. *State v. Brown*, 7th Dist. Columbiana No. 18 CO 0025, 2019-Ohio-2717, ¶ 12; *State v. Helton,* 3d Dist. Logan No. 8-08-06, 2008-Ohio-3601, ¶ 13; *State v. Fontes*, 3d Dist. Union No. 14-99-03, 1999-Ohio-834, *2. To overcome the res judicata bar, the defendant must provide new evidence that was not a part of the original record in order to overcome res judicata. *Id.*

{¶10} Here, Cartlidge asserts that he discovered evidence of the trial court's alleged consecutive sentence notification errors in the plea hearing transcript. These alleged errors regarding what happened at the plea hearing were clearly available as part of the original trial court record. The transcript of Cartlidge's plea hearing is not new facts or evidence, and as such Cartlidge cannot overcome res judicata under the exception for new evidence, outside the record. Therefore, we find that the trial court did not err in finding Cartlidge did not present "new evidence" in his motion to withdraw his guilty plea.

{¶11} Moreover, Cartlidge could have challenged that the trial court's alleged consecutive sentence notification errors prevented him from making a knowing, intelligent, and voluntary guilty plea on direct appeal, but did not do so. *See Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, at ¶23 ("Straley could have challenged his guilty plea on direct appeal."), citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph one of the syllabus. He did argue on direct appeal

that the trial court erred in ordering him to serve consecutive sentences. *See Cartlidge*, 3d Dist. Seneca No. 13-18-33, 2019-Ohio-1283. However, because Cartlidge's specific sentence notification arguments could have been but were not raised on direct appeal, his arguments are barred by the doctrine of res judicata and he cannot now raise them in a post-sentence motion to withdraw his guilty plea. *See Artis*, 3d Dist. Logan Nos. 8-19-52 and 8-19-53, 2020-Ohio-4018. Therefore, the trial court did not abuse its discretion by denying Cartlidge's motion to withdraw his guilty plea. *See State v. Mulkey*, 9th Dist. Summit No. 29380, 2020-Ohio-3531, ¶ 5 (concluding that "the trial court did not abuse its discretion by denying [Mulkey's] motion to withdraw his no-contest plea" since "Mulkey could have raised this argument" "that his plea was not knowingly, voluntarily, and intelligently made" "in a direct appeal"); *Straley* at ¶ 23 (concluding that "the trial court did not abuse its discretion in finding that res judicata barred Straley's motion to withdraw his guilty plea").

{¶12} For the foregoing reasons, Cartlidge's three assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlr**