[Cite as *State v. Williams*, 2022-Ohio-2002.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| TAMARKIS WILLIAMS, | : | Case No. 2021CA0003 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      On remand from the Supreme Court
                             of Ohio, Case No. 2021-1415

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            June 13, 2022

APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAYES
Licking County Prosecutor
Special Prosecutor for Coshocton
County Prosecutor's Office

By: PAULA SAWYERS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

GEORGE URBAN
111 Second Street, N.W., Suite 302
Canton, Ohio 44702

*Baldwin, J.*

{¶1}   This matter is before us on remand from the Ohio Supreme Court. In Appellant Tamarkis Williams' direct appeal, *State v. Williams*, 5th Dist. Coshocton No. 2021CA0003, 2021-Ohio-3579, Judge W. Scott Gwin dissenting, we declined to address his first and a part of his fifth assignment of error which challenged the constitutionality of the Reagan Tokes Act and trial counsel's failure to challenge the Act, as we found the challenges were not ripe for review. In *State v. Maddox*, slip opinion No. 2022-Ohio-764, the Supreme Court of Ohio found constitutional challenges to the Reagan Tokes Act are ripe for review on direct appeal. We therefore herein address Williams first and fifth assignments of error.

## STATEMENT OF FACTS AND THE CASE

{¶2}   A recitation of the underlying facts in this matter is unnecessary for our resolution of this appeal.

{¶3}   On December 14, 2020 Williams entered a guilty plea to charges of kidnapping, a first degree felony, in violation of R.C. 2905.01(A)(2) and aggravated robbery, a first degree felony, in violation of R.C. 2911.01(A)(1),(C) with a firearm specification. The trial court accepted the plea and imposed a sentence of a minimum term of eight years and a maximum term of twelve years for the offense of aggravated robbery with an additional three years for the gun specification. For the offense of kidnapping, the trial court sentenced Williams to a minimum of four years and a maximum of six years.

{¶4}   Williams was advised of a rebuttable presumption that he would be released from service of the sentence on the expiration of the minimum prison term imposed as

part of the sentence or on the defendant's presumptive early earned early release date, whichever is earlier, pursuant to the Reagan Tokes Act.

**{¶5}** The assignments of error left unaddressed by this court on direct appeal are as follows:

**{¶6}** "I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

**{¶7}** "V. TAMARKIS WILLIAMS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**{¶8}** Our review of William's fifth assignment of error is limited to that portion of the assignment that argues that he received ineffective assistance of counsel due to his trial counsel's failure to challenge the constitutionality of the Reagan Tokes Act. The remainder of our decision regarding that assignment remains unchanged.

**ANALYSIS**

**I.**

**{¶9}** In his first assignment of error, Williams challenged the constitutionality of the Regan Tokes Act, codified as R.C. 2967.271. Specifically, Williams argued it violated his constitutional rights to trial by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation and Corrections to potentially add additional time to his sentence based upon his behavior in the institution.

**{¶10}** Following the decision in *Maddox supra,* this court addressed Williams' arguments regarding the Reagan Tokes Law in *State v. Burris*, 5th Dist. Guernsey No. 21CA000021, 2022-Ohio-1481 and *State v. Ratliff,* 5th Dist. Guernsey No. 21CA000016, 2022-Ohio-1372, ¶ 64. We held that Reagan Tokes was constitutional and did not violate due process, the separation of powers doctrine, the right to a jury trial or the right to equal protection. For the reasons stated in *Burris* and *Ratliff, supra*, we find the Reagan Tokes Law does not violate Wiliams' constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers.

**{¶11}** In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

**{¶12}** Based on the forgoing authority, Williams' first assignment of error is overruled.

**V.**

**{¶13}** Williams next argues his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of R.C. 2967.271. We disagree.

**{¶14}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶15}** Because we have found R.C. 2967.271 is constitutional, Williams cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

**{¶16}** The judgment of the Coshocton County Court of Common Pleas regarding Williams' first assignment of error and that part of the fifth assignment of error relying upon the constitutionality of the Reagan Tokes Law is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, Earle, J. concur.