**[Cite as *State v. Hill*, 2024-Ohio-2402.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 16-23-07

v.

LARRY R. HILL, JR.,

**O P I N I O N**

     DEFENDANT-APPELLANT.

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 16-23-08

v.

LARRY R. HILL, JR.,

**O P I N I O N**

     DEFENDANT-APPELLANT.

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 16-23-09

v.

LARRY R. HILL, JR.,

**O P I N I O N**

     DEFENDANT-APPELLANT.

**Appeals from Wyandot County Common Pleas Court**
**Trial Court Nos. 21 CR 0082, 21 CR 0110 and 21 CR 0147**

**Judgments Affirmed**

**Date of Decision:  June 24, 2024**

**APPEARANCES:**

>    *Howard A. Elliot* **for Appellant**

>    *Eric J. Figlewicz* **for Appellee**

**ZIMMERMAN, J.**

{¶1}   Defendant-appellant, Larry R. Hill, Jr. ("Hill"), appeals the August 25, 2023 judgment entries of the Wyandot County Court of Common Pleas denying his post-sentence motions to withdraw his guilty pleas in case numbers 21 CR 0082, 21 CR 0110, and 21 CR 0147.  For the reasons that follow, we affirm.

{¶2}   On July 21, 2021, the Wyandot County Grand Jury indicted Hill in case number 21 CR 0082 on Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), a second-degree felony, and Count Two of possession of drugs in violation of R.C. 2925.11(A), a third-degree felony.  On July 28, 2021, Hill appeared for arraignment and pleaded not guilty to the counts of the indictment.

{¶3}   On August 11, 2021, the Wyandot County Grand Jury indicted Hill in case number 21 CR 0110 on Count One of having weapons while under disability

in violation of R.C. 2923.13(A)(3), a third-degree felony, and Count Two of possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony. The indictment included a forfeiture specification as to Count One. On August 11, 2021, Hill appeared for arraignment and entered pleas of not guilty to the indictment in case number 21 CR 0110.

{¶4} On November 9, 2021, the Wyandot County Grand Jury indicted Hill in case number 21 CR 0147 on Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), a third-degree felony, and Count Two of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a second-degree felony. The indictment included forfeiture specifications as to both counts. On November 10, 2021, Hill appeared for arraignment and entered pleas of not guilty to the indictment in case number 21 CR 0147.

{¶5} On May 12, 2022, Hill withdrew his pleas of not guilty and entered guilty pleas, under negotiated-plea agreements, to Count One in case number 21 CR 0082, Count One (and the forfeiture specification) in case number 21 CR 0110, and Count One (and the forfeiture specifications) in case number 21 CR 0147. In exchange for his change of pleas, the State agreed to dismiss Count Two in case number 21 CR 0082, Count Two in case number 21 CR 0110, and Count Two (and the forfeiture specifications) in case number 21 CR 0147, and the State agreed to a joint-sentencing recommendation. The trial court accepted Hill's guilty pleas,

found him guilty, dismissed the counts and specifications as requested by the State, and ordered a presentence investigation.

{¶6} On August 10, 2022, the trial court sentenced Hill (based on the joint-sentencing recommendation of the parties) to a minimum term of 5 years to a maximum term of 7 1/2 years in prison as to case number 21 CR 0082, to 30 months in prison as to case number 21 CR 0110, and to 30 months in prison as to case number 21 CR 0147.[1] The prison terms imposed by the trial court were ordered to be served consecutively for an aggregate sentence of a minimum term of 10 years to a maximum term of 12 1/2 years in prison. The trial court further forfeited the property subject to forfeiture in case numbers 21 CR 0110 and 21 CR 0147. Importantly, Hill did not directly appeal any of the cases.

{¶7} On April 24, 2023, Hill filed post-sentence motions to withdraw his guilty pleas under Crim.R. 32.1 in all three cases. In support of his motions, Hill argued that the trial court must grant his request to withdraw his guilty pleas "to correct the manifest injustice of a false promise" made by his trial counsel regarding "a plea offer involving the DEA in this matter." (Case No. 21 CR 0082, Doc. No. 36); (Case No. 21 CR 0110, Doc. No. 36); (Case No. 21 CR 0147, Doc. No. 37). On May 25, 2023, the State filed memoranda in opposition to Hill's post-sentence motions to withdraw his guilty pleas.

---

[1] The trial court filed its judgment entry of sentence on August 15, 2022.

**{¶8}** After a hearing on August 17, 2023, the trial court denied Hill's motions on August 25, 2023. (Case No. 21 CR 0082, Doc. No. 53); (Case No. 21 CR 0110, Doc. No. 52); (Case No. 21 CR 0147, Doc. No. 48).

**{¶9}** On September 6, 2023, Hill filed a notice of appeal in all three cases and we consolidated the cases for purposes of appeal. Hill raises one assignment of error for our review.

### Assignment of Error

**The trial [sic] erred and abused its discretion by denying the motion of the Defendant/Appellant for withdrawal of his guilty plea after sentence had been imposed where the plea procured and induced by trial counsel's representations that the sentence imposed upon said plea would be substantially different than what was imposed.**

**{¶10}** In his assignment of error, Hill argues that the trial court abused its discretion by denying his post-sentence motions to withdraw his guilty pleas. Specifically, Hill argues that his guilty pleas were not made knowingly, intelligently, and voluntarily because his trial counsel's "actions and representations induced [him] to enter into the plea agreement and enter a plea of guilty on those terms" "based upon the assurances of his [trial] counsel that the matters would be worked out in his favor." (Appellant's Brief at 13).

*Standard of Review*

**{¶11}** "Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v.*

*Streeter*, 3d Dist. Allen No. 1-08-52, 2009-Ohio-189, ¶ 12. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

{¶12} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "The party moving to withdraw the plea of guilty bears the burden of establishing a manifest injustice." *Streeter* at ¶ 13. A manifest injustice is a clear or openly unjust act and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14. "[A] postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶13} As an initial matter, we must acknowledge that there is an arguable claim that Hill's post-sentence motions to withdraw his guilty pleas may be barred by the doctrine of res judicata. "Res judicata bars the assertion of claims against a judgment of conviction in a motion under Crim.R. 32.1 when those claims were or could have been raised on direct appeal." *State v. Cagle*, 9th Dist. Medina No. 19CA0058-M, 2020-Ohio-316, ¶ 4, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. *See also Straley* at ¶ 14. "An exception to the res judicata

bar is when the defendant raises claims that were not available on appeal because they are based on evidence outside the record." *State v. Cartlidge*, 3d Dist. Seneca No. 13-21-06, 2021-Ohio-3787, ¶ 9. "To overcome the res judicata bar, the defendant must provide new evidence that was not a part of the original record in order to overcome res judicata." *Id.*

**{¶14}** Here, Hill was convicted in the trial court in case numbers 21 CR 0082, 21 CR 0110, and 21 CR 0147 on August 10, 2022. Hill did not directly appeal his conviction and sentence in any of the cases. *Accord State v. Artis*, 3d Dist. Logan No. 8-19-52, 2020-Ohio-4018, ¶ 12. Instead, after the time from which Hill could directly appeal expired, Hill filed motions to withdraw his guilty pleas, arguing that his guilty pleas were not made knowingly, intelligently, and voluntarily.

**{¶15}** Based on the information known to Hill, Hill *could* have challenged his guilty pleas in direct appeals, but he elected not to do so. *Accord Straley* at ¶ 23 ("Straley could have challenged his guilty plea on direct appeal."); *Cartlidge* at ¶ 11 (resolving that "Cartlidge could have challenged that the trial court's alleged consecutive sentence notification errors prevented him from making a knowing, intelligent, and voluntary guilty plea on direct appeal, but did not do so"). Indeed, the record reveals that Hill was aware that the sentence imposed by the trial court was different from the sentence that he expected to receive. Critically, the record reveals that Hill was informed of the amount of prison time that he would be required to serve along with his eligibility to reduce his minimum prison term.

Indeed, Hill's trial counsel indicated at the change-of-plea hearing that he provided Hill "the Reagan Tokes information for him to * * * read" and that Hill had "been to [his] office when he was on bond to read over and understand the Reagan Tokes amendments * * * ." (May 12, 2022 Tr. at 8).

{¶16} Moreover, at his sentencing hearing, Hill voiced his disagreement with the trial court's sentence by stating "[s]o they didn't give me nothing for cooperating." (Aug. 10, 2022 Tr. at 15). In response to Hill's disagreement with the trial court's sentence, Hill's trial counsel responded, "[y]eah, judicial release. Just listen" but "[y]ou have to do the five years first." (*Id.* at 15-16). Later, Hill protested that he "thought they were going to run [his sentences] together" and "[g]ive [him] four years" to which his trial counsel responded that "[t]hey were supposed to." (*Id.* at 22). Nevertheless, Hill asserted that he understood that he must serve "five years" before being eligible for early release. (*Id.*). In other words, Hill and his trial counsel discussed (on the record) Hill's misunderstanding regarding his potential sentence. Based on that evidence, it could be that "any exception to the application of res judicata based on evidence outside the record is inapplicable here," resulting in Hill's arguments being subject to the doctrine of res judicata. *Brown* at ¶ 12. *See Cartlidge* at ¶ 11; *State v. Owens*, 3d Dist. Crawford No. 3-19-16, 2020-Ohio-5573, ¶ 19.

{¶17} Nevertheless, even if res judicata does not present a bar to review, Hill's argument is without merit. *Accord State v. Arab*, 6th Dist. Lucas No. L-20-

1119, 2021-Ohio-3378, ¶ 22*; State v. Griffin*, 7th Dist. Mahoning No. 22 MA 0126, 2023-Ohio-4011, ¶ 24. Indeed, based on our review of the record, we conclude that the trial court did not abuse its discretion by denying Hill's post-sentence motions to withdraw his guilty pleas. That is, we conclude that the trial court did not abuse its discretion by concluding that Hill failed to prove that he sustained a manifest injustice from the sentences imposed in these cases because his guilty pleas were not knowing, intelligent, or voluntary.

{¶18} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.'" *State v. Norris*, 8th Dist. Cuyahoga No. 107894, 2019-Ohio-3768, ¶ 30, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'If a defendant shows that he or she did not enter a plea knowingly, intelligently or voluntarily, the defendant *may* establish a manifest injustice sufficient to warrant withdrawal of the guilty plea under Crim.R. 32.1.'" (Emphasis added.) *State v. Pishner*, 11th Dist. Portage No. 2021-P-0063, 2022-Ohio-2099, ¶ 18, quoting *Norris* at ¶ 30.

{¶19} Crim.R. 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum

penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶20} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 11. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Id.*, citing *Veney* at ¶ 14-17.

{¶21} "An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived." *Id.* at ¶ 12, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-

Ohio-509, ¶ 20. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

**{¶22}** In support of his argument that his guilty pleas were not knowing, intelligent, or voluntary, Hill contends that his trial counsel "represented a certain plea offer which was different than what was set forth before court [sic] and ultimately adopted and imposed by the trial court." (Appellant's Brief at 5). Stated another way, Hill argues that he elected to forgo trial and plead guilty because his trial counsel told him that he would be eligible for judicial release after serving three years of his prison sentences.

**{¶23}** To substantially comply with the requirements of Crim.R. 11(C)(2)(a), a trial court must inform the defendant of the possible sentence; inform the defendant if he or she is subject to a mandatory prison sentence; and disclose the length of any mandatory incarceration. *See State v. Tutt*, 8th Dist. Cuyahoga No. 102687, 2015-Ohio-5145, ¶ 19; *State v. Dawson*, 8th Dist. Cuyahoga No. 61828, 1993 WL 12286, *2 (Jan. 23, 1993).

> "A trial court can meet this requirement either by expressly informing the defendant that he or she is subject to a mandatory prison sentence and is therefore ineligible for probation or community control sanctions or by confirming the defendant's subjective understanding of that fact in some other way, i.e., if the 'totality of the circumstances' warrants the trial court in making a determination that the defendant

otherwise understands, prior to entering his plea, that he or she is subject to a mandatory prison sentence."

*Tutt* at ¶ 20. Importantly, "Crim.R. 11(C)(2)(a) does not explicitly require a trial court to inform a defendant that he is ineligible for judicial release." *State v. Simpson*, 10th Dist. Franklin No. 07AP-929, 2008-Ohio-2460, ¶ 6.

{¶24} At Hill's change-of-plea hearing, the trial court substantially complied with the notifications required by Crim.R. 11(C)(2)(a) when accepting Hill's guilty pleas. *Accord id.* at ¶ 10 ("Here, the record is clear that the trial court complied with the mandates of Crim.R. 11(C)(2)(a) in all respects."). Indeed, at the change-of-plea hearing, the trial court conducted a comprehensive Crim.R. 11 colloquy during which Hill unequivocally acknowledged that he understood the nature of the charges against him and of the maximum penalties involved, including the possibility that the trial court could order that he serve the prison sentences consecutively. *See Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, at ¶ 17. Similarly, the trial court orally advised Hill of the State's proposed sentencing recommendations and the trial court memorialized those recommendations in its judgment entries of guilt. Finally, Hill acknowledged that no one promised him anything ("other than those [assurances] set forth in the sentencing recommendation") in return for his guilty pleas. (May 12, 2022 Tr. at 18). *Compare Simpson* at ¶ 10 ("Appellant also acknowledged no one promised him anything in return for his guilty plea.").

**{¶25}** Likewise, the record reflects that Hill acknowledged—in *written* plea agreements—that he understood the maximum penalties involved in addition to the State's agreement to recommend that the trial court (1) "impose a minimum sentence of five (5) years to a maximum sentence of seven and one-half (7.5) years" in case number 21 CR 0082; (2) impose a "prison sentence of thirty (30) months, consecutive to any prison sentence imposed in [case number] 21-CR-0082" in case number 21 CR 0110; and (3) impose a "prison sentence of thirty (30) months, consecutive to any prison sentences imposed in [case numbers] 21-CR-0082 and 21-CR-0110" in case number 21 CR 0147. (Case No. 21 CR 0082, Doc. No. 25); (Case No. 21 CR 0110, Doc. No. 24); (Case No. 21 CR 0147, Doc. No. 18).

**{¶26}** Moreover, the favorable plea agreements that Hill executed with the State weigh against Hill's argument that he would have proceeded to trial instead of pleading guilty in these cases. Specifically, the record reflects that Hill entered favorable plea agreements with the State in which the State agreed to dismiss Count Two in case number 21 CR 0082, Count Two in case number 21 CR 0110, and Count Two (and the forfeiture specifications) in case number 21 CR 0147 in exchange for his guilty pleas to Count One in case number 21 CR 0082, Count One (and the forfeiture specification) in case number 21 CR 0110, and Count One (and the forfeiture specifications) in case number 21 CR 0147. That is, the State agreed to dismiss three felony charges, including one second-degree felony charge in exchange for Hill's guilty pleas.

**{¶27}** Notwithstanding the trial court's meticulous colloquy, Hill suggests that the knowingness, intelligence, and voluntariness of his guilty pleas are undermined by his trial counsel's representation "that the plea hearing was a show plea and not the actual plea and that with the prosecutor and DEA, the ultimate sentence would be two (2) to four (4)" years in prison. (Appellant's Brief at 7). That is, Hill suggests that his guilty pleas were not knowing, intelligent, or voluntary because his trial counsel misinformed him as to his eligibility for judicial release.

**{¶28}** "A change of heart after becoming aware of an imminent, unexpectedly harsh sentence does not entitle a defendant to withdraw his guilty plea." *State v. McComb*, 2d Dist. Montgomery No. 22570, 2009-Ohio-295, ¶ 9. That is, "no manifest injustice occurs when a defendant holds a mistaken belief that her sentence would be significantly less harsh than that which was imposed." *State v. Liller*, 11th Dist. Trumbull No. 2016-T-0094, 2017-Ohio-1208, ¶ 14. *See also State v. Matthews*, 6th Dist. Wood No. WD-10-025, 2011-Ohio-1265, ¶ 30 ("The fact that a sentence imposed pursuant to a guilty or no contest plea is unexpectedly more severe than anticipated does not present a manifest injustice for which a postsentence Crim.R. 32.1 motion to withdraw a plea is to be granted."). "Only if counsel promised the defendant that a guilty plea will result in a lower sentence than is actually imposed would a manifest injustice potentially result." *McComb* at ¶ 9.

**{¶29}** Contrary to Hill's contention, there is no indication in the record to suggest that his "belief that he would be eligible for judicial release induced his

-14-

guilty plea[s].” *Simpson*, 2008-Ohio-2460, at ¶ 10. Indeed, Hill did *not* indicate at the change-of-plea hearing that he was pleading guilty based on the possibility of judicial release. *Accord id.* Rather, our review of the record reveals that the trial court properly informed Hill as to the amount of prison time he was required to serve along with his eligibility to reduce his minimum prison term and that Hill's trial counsel did not promise Hill that his guilty pleas would result in a lower sentence than the sentences actually imposed.

**{¶30}** “Whether an offender is required to serve a mandatory term of imprisonment is * * * expressly set forth under the Ohio Revised Code.” *State v. Grays*, 8th Dist. Cuyahoga No. 111600, 2023-Ohio-2482, ¶ 16. “R.C. 2929.13(F) sets forth the circumstances in which the trial court shall impose a mandatory prison term on an offender” and provides, in its relevant part, that “the court shall impose a prison term * * * for [a] first, second, or third degree felony drug offense * * * .” R.C. 2929.13(F)(5).

> The plain language of R.C. 2929.13(F) requires the sentencing court to impose a prison term for certain serious offenses and limits that court's discretion to reduce that term pursuant to R.C. 2929.20 (judicial release); R.C. 2967.193 (earned credit); R.C. 2967.194 (credit for participation in educational, vocational, employment, treatment, etc. programs), or any other provision of R.C. Chapter 2967, except in certain enumerated circumstances.

*Id.* at ¶ 17, citing *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, ¶ 16. However, for “offenders who commit a felony offense”—as “designated under R.C. 2929.13(F) and” that is subject to Ohio's current sentencing scheme (commonly

known as the "Reagan Tokes Law")—"the statute provides that such offenders are not eligible for judicial release, earned credit, or credit for their participation in designated programs due to the mandatory nature of his or her minimum prison term." *Id.* Nevertheless, under the Reagan Tokes Law, the department of corrections may "credit inmates who demonstrate appropriate conduct with earned reduction of minimum prison term" ("ERMPT") * * * [that] can reduce [an offender's] minimum term between 5 and 15 [percent]." *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 5. *See also Grays* at ¶ 27 (holding that "offenders serving an indefinite prison term" for first- or second-degree felonies that are considered "nonlife" felonies "are eligible for ERMPT").

{¶31} In these cases, the trial court advised Hill that the minimum term of imprisonment imposed in case number 21 CR 0082 is mandatory and provided him with an ample explanation regarding the Reagan Tokes Law. Critically, Hill unequivocally stated that he understood (1) that "the minimum term [imposed in case number 21 CR 0082] is mandatory" and "[i]t will be served"; (2) the rebuttable presumption that he would be released "after serving the minimum term or presumptive early release date, whichever is earlier"; (3) that "[t]he department of corrections may rebut the presumption [and] maintain [his] incarceration * * * up to the maximum term"; and (4) that he could "receive 5 percent to 15 percent earned reduction of minimum prison term credit [("ERMPT")] for exceptional conduct or adjustment to incarceration, but there's no guarantee the department will request

ERMPT" or that the trial court will grant the ERMPT request." (May 12, 2022 Tr. at 10-12, 16). *Compare State v. Williams*, 5th Dist. Coshocton No. 2021CA0003, 2022-Ohio-2002, ¶ 4. Hill's trial counsel further indicated on the record that he provided Hill information regarding the Reagan Tokes Law several months before Hill's change-of-plea hearing.

**{¶32}** As a result, Hill's personal misunderstanding of the applicability of judicial release does not render his guilty pleas unknowing, unintelligent, or involuntary. Consequently, based on our review of the totality of the circumstances surrounding Hill's pleas, the record reveals that he subjectively understood the implications of his pleas and the rights he waived. Thus, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a). Therefore, we conclude the trial court complied with Crim.R. 11 in these cases.

**{¶33}** For these reasons, we conclude that the trial court did not abuse its discretion by denying Hill's post-sentence motions to withdraw his guilty pleas.

**{¶34}** Hill's assignment of error is overruled.

**{¶35}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**MILLER, J., concurs.**

**WILLAMOWSKI, P.J., concurring separately.**

**{¶36}** Although I agree with the majority that the trial court did not abuse its discretion by denying Hill's post-sentence motions to withdraw his guilty plea, I do not agree that Hill is barred from raising the issue by the doctrine of res judicata. The majority claims that Hill could have raised his argument in a direct appeal and since he failed to do so, his arguments are barred from consideration now.

> Res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentence motion when these claims were or could have been raised on direct appeal. * * * An exception to the res judicata bar is when the defendant raises claims that were not available on appeal because they are based on evidence outside the record. * * * To overcome the res judicata bar, the defendant must provide new evidence that was not a part of the original record in order to overcome res judicata.

*Cartlidge, supra* at ¶ 9.

**{¶37}** This matter started when Hill wrote a letter to the trial court asking for new counsel and alleging that this prior counsel deceived him into accepting the plea agreement. Hill claimed in the letter that counsel had told him the change of plea hearing was just for show to help keep his family safe. Hill alleged that the real deal and sentence would be handled away from the public record. After receiving the letter, the trial court appointed counsel to investigate whether there was any legal basis to Hill's allegations and to make any filings deemed necessary.

**{¶38}** On April 4, 2023, counsel filed a motion to withdraw the guilty plea. The motion pointed to actions allegedly occurring outside of court proceedings

which would not be on the record. Specifically, the motion claimed that trial counsel had allegedly convinced Hill that there was a plea agreement with the DEA, even though there was no actual involvement by the DEA according to the State. In support of this claim, counsel attached emails referencing charges by trial counsel for negotiations with DEA. Counsel then filed a motion to withdraw due to having taken a new position. The trial court then appointed new counsel and instructed counsel to review the matter to determine whether to proceed with the motion to withdraw the guilty plea. On May 12, 2023, counsel notified the trial court that he wished to proceed with the motion.

{¶39} On August 17, 2023, the trial court held a hearing on the motion to withdraw. One of the issues the trial court had to determine was whether trial counsel had made improper representations to Hill that did not appear on the record. To make that determination, the trial court pointed to the testimony which occurred at the withdrawal hearing and emails from trial counsel to Hill's wife which were admitted at the withdrawal hearing. This evidence was not part of the original record.

{¶40} Here, the argument being made by Hill is that his plea was not voluntarily, intelligently, and knowingly made because his counsel represented that his "real" sentence was not what would be stated in court, but was something else. The promises allegedly made by trial counsel are not part of the record and thus Hill would not be able to raise the issue on direct appeal. In reaching its ruling, the trial

court had to rely upon evidence not in the original record. Since the allegations raised by Hill, ruled on by the trial court, and raised by Hill on appeal were not evident from the original record, the doctrine of res judicata would not apply in this case.

{¶41} Although I would not apply the doctrine of res judicata in this case, I concur with the result. The trial court did not abuse its discretion in overruling the motion to withdraw the guilty plea. Therefore, I would also affirm the judgment of the trial court.

**/hls**